NOT DESIGNATED FOR PUBLICATION

No. 115,013

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

SAMUEL L. REED,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed October 28, 2016. Sentence vacated and case remanded with directions.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Richard Ney*, of Ney & Adams, of Wichita, for appellee.

Before HILL, P.J., BUSER and LEBEN, JJ.

*Per Curiam*:  Because we believe the Supreme Court means what it says, we must vacate Samuel L. Reed's departure sentence and remand this case once again to the district court to sentence Reed in compliance with the Supreme Court's ruling.

*On remand, the district court again considers a departure sentence.*

The jury convicted Reed of attempted first-degree murder after he shot a man but did not kill him. At his first sentencing, he was granted a downward-durational departure

1

sentence principally based upon the disparity between the sentences he would face had he completed the murder, and the attempt for which he was convicted. Based upon the criminal history score and the severity level for attempted first-degree murder, Reed had a presumptive sentence of 592 to 653 months. If the victim would have died from his injuries, Reed would have received an off-grid sentence of life in prison with the possibility of parole after 25 years. Reed had a criminal history score of A due to having three person felonies. The district court sentenced Reed as if he had a criminal history score of C—272 months.

Reed appealed his conviction to this court, and the State cross-appealed the sentencing departure. *State v. Reed*, No. 106,807, 2013 WL 451900, at *1 (unpublished opinion) (2013), *aff'd in part, rev'd in part* 302 Kan. 227, 352 P.3d 530 (2015). The Court of Appeals upheld both the departure and the conviction. 2013 WL 451900, at *1.

Both parties sought review by the Kansas Supreme Court. *State v. Reed*, 302 Kan. 227, 228-29, 352 P.3d 530 (2015). The Supreme Court upheld the conviction but vacated the downward-durational departure sentence and remanded for a new sentencing hearing. 302 Kan. at 228-29. The Supreme Court vacated the sentence and held that it was legal error to rely upon a disparity in sentences between the attempted first-degree murder for which Reed was convicted and the sentence he would have faced had the victim died. 302 Kan. at 252. In essence, it ruled an act of the legislature cannot be a reason for a departure sentence.

The Supreme Court also addressed the other factors this court mentioned as substantial and compelling reasons to depart. 302 Kan. at 253. On the criminal history score, the Supreme Court held that "the judge was free to consider the underlying circumstances of Reed's earlier offenses to mitigate the impact of what the judge evidently believed was an unwarranted criminal history score," but, "the judge failed to articulate this as one of his bases for departure." *Reed*, 302 Kan. at 253. A consideration

2

of Reed's age could be a part of the consideration of whether a departure was warranted, but the district court did not use Reed's age in the proper context. 302 Kan. at 253-54. The belief that Reed posed a relatively low public safety risk based on the judge's experience with the other offenders was not a substantial and compelling reason to depart. 302 Kan. at 254. Because there were no articulated substantial and compelling reasons to depart, the Supreme Court vacated the sentence and remanded for resentencing. 302 Kan. at 254.

Back in district court, both sides made their positions known. The State sought a 630-month sentence—the "high number." Reed, raising five reasons, once again moved for a durational-departure sentence.

The district court granted a downward-durational departure sentence to 272 months—the same departure that was previously granted. The court gave several reasons for doing so.

*We list the reasons for the departure sentence granted on remand.*

First, with the greatest emphasis, the judge reiterated his concern about the disparity between the sentence that would be imposed for a completed murder and the sentence that would be imposed under the Kansas Sentencing Guidelines, K.S.A. 2015 Supp. 21-6801, *et seq.* for an attempted first-degree murder in this case. The district court stated:

> "First, I will just reiterate what I said at the original sentencing hearing; that the basis for granting the departure principally is disparity that exists between the sentencing guidelines grid and the penalty that would be imposed for the completed crime, which I think is a valid consideration to make.
>
> . . . .

3

"So I get the fact that Mr. Reed in this case could go to prison for life, but the probability is he would be paroled even if he was convicted upon a life sentence.

"So the factors that I consider are the ones that I've just stated. At the time of the original sentencing, I believed that that disparity between the departure sentence and the 25-year parole eligibility sentence was a valid consideration; I believe it is now.

. . . .

"While I didn't bundle all of those reasons together in the original sentencing, I am going to make sure that the record is very clear that I'm not solely relying upon that. It is a principal consideration and deserves to be given consideration, but it certainly is not the sole factor."

The second factor the court considered was Reed's age. The court noted that standing alone, this is not a substantial and compelling reason to grant a departure, but it is a factor which can be considered. The court then stated Reed's year of birth, 1991; his age at the time of the offense, 19; his age at the time of conviction, 19; the age of his original sentencing, 20; and, his age at the time of the current sentencing, 24. The court made no findings on the record regarding Reed's immaturity.

The third factor the court relied upon was Reed's criminal history being significantly less serious than most defendants in the same criminal history category. The judge stated, "[i]n my own experience as a judge, I can attest to the fact that Mr. Reed's criminal history is significantly less serious than that of most defendants in criminal history A category." Additionally, the judge noted the offenses were committed when Reed was 17. The court made no other findings or analysis regarding Reed's criminal history.

The fourth factor the judge brought up was a 12-year plea offer the State made to Reed when the complaining witness did not want to testify. The judge stated that the specifics of a plea offer is something that is not typically involved in sentencing, but

based upon the context of this particular case it was something which could be given consideration. Specifically, the district court held:

> "And while, again, the fact that he made that choice is not anything that I take into account as a compelling, substantial reason, but the fact that he was made an offer of 12 years and the State is now asking for 50 years, I think that is something that can be looked at."

However, the judge acknowledged that this factor alone was not a substantial and compelling reason to grant the departure, but in the overall context of the sentencing, it was a factor.

The fifth factor addressed by the judge was a statutory mitigating factor. Our statute, K.S.A. 2015 Supp. 21-6815(c)(1)(E), states that a court may consider if "[t]he degree of harm or loss attributed to the current crime of conviction was significantly less than typical for such an offense." The judge stressed that this was not a completed crime:

> "I would also observe, however, that the completed crime; that is, the crime of first-degree murder, obviously results in death. And obviously, this being a crime of attempt, there was no death that occurred. And, thus, the question of the harm is significantly less than the attempted crime—than the completed crime of first-degree murder.
> "And again, you take that aspect, equate it with this other aspect about the disparity in the punishment, the 25-year parole eligibility, the severity of the punishment here potentially is far greater than the punishment for the completed crime."

The judge granted the departure motion. But prior to announcing the sentence the judge mentioned, with no analysis or comment, some letters he received from correction officers regarding Reed's good conduct in prison. Although the judge was not sure if this was a factor he could address, he stated, "And I will then just add that as an additional

5

factor in the overall consideration of things to warrant a substantial, compelling reason for the departure."

*The sentencing judge missed our Supreme Court's point.*

A fair reading of the sentencing transcript leads to the conclusion that the district court thought it had failed to perform some mundane step in sentencing and that this resentencing was simply going through the motions. After all, the court began by saying:

> "So I didn't say the magic words or didn't say them in the right configuration, is what I read from that.
>
> "And I also read from that, that they say that had I more carefully articulated some of the arguments for departure made by defense counsel, in addition to the statement about the disparity being principally the reason for granting the departure, we probably wouldn't be back here on this remand.
>
> . . . .
>
> "Here, I made a decision with regard to the departure. The Court of Appeals panel upheld that rationale. And then the Supreme Court had a different opinion and they sent it back for reconsideration.
>
> "With all of that said, I'm going to now articulate several factors that I consider in the aggregate to be substantial, compelling reasons for granting the defendant's motion for departure now."

Unfortunately, this case does not turn upon some "magic words" or "right configuration." Justice Beier was quite clear in her opinion when she wrote that there was a legal error here:

> "' . . . [T]he district court's departure factor concerned the actions of the legislature, not [Reed's] individual circumstances'. . . . To the extent that the district judge relied on any disparity in the sentencing guidelines between the parole eligibility dictated for an attempted crime and a completed crime, it was legal error to do so." 302 Kan. at 252.

6

If it was error then, it is error now. The mere passage of time has not turned this into a legitimate factor to be used to grant a sentencing departure.

Generally, a court will impose a presumptive sentence from the Guidelines unless the district court finds "substantial and compelling reasons to impose a departure sentence." K.S.A. 2015 Supp. 21-6815(a). The district court can either use statutory mitigating factors or rely on nonstatutory mitigating factors that are supported by the record and the use of the factors is consistent with the purpose of the sentencing guidelines. *State v. Hines*, 296 Kan. 608, 616, 294 P.3d 270 (2013). We must frequently review sentencing departures.

There are two steps in our analysis. First, this court must determine if any of the factors relied upon by the district court are valid considerations to grant a downward durational departure. See *Hines*, 296 Kan. at 616. Next, this court should determine whether granting the departure based on the valid factors, if any exist, constitutes an abuse of discretion by the district court. See *State v. Rochelle*, 297 Kan. 32, 45-46, 298 P.3d 293 (2013).

Here, obviously, the primary factor relied upon by the court is erroneous and cannot be the basis for a departure sentence. The judge once again used the disparity between an attempted and completed crime when he ruled that the degree of harm was less here because it was an attempted murder, not a completed murder. The judge stated, "And again, you take that aspect, equate it with this other aspect about the disparity in the punishment, the 25-year parole eligibility, the severity of the punishment here potentially is far greater than the punishment for the completed crime."

Although the judge did mention other factors, it is obvious that the disparity issue was his primary reason for departing. Because this judge ignored the clear statement of

7

our Supreme Court that he could not use an act of the legislature as a reason to depart, we must vacate Reed's sentence and remand the matter for resentencing by a different judge.

Sentence vacated and case remanded with directions.